UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| SHIRLEY J. CHEN-GOARDS,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant, | CIVIL ACTION NO.: |

## COMPLAINT

NOW COMES the Plaintiff, Shirley J. Chen-Goards, by and through her undersigned counsel, and complains against the Defendant, the United States of America, as follows:

## DEMAND FOR TRIAL

The Plaintiff demands a trial on all issues so triable.

## JURISDICTION AND VENUE

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1).

3.     Venue is proper in this district under 28 U.S.C. § 1402(b) because the acts or omissions giving rise to the claim occurred in this district and/or Plaintiff resides in this district.

## PARTIES

4.     Plaintiff, Shirley J. Chen-Goards, at all times relevant to this complaint, resided in the County of Somerset, and State of Maine.

1

5.      Defendant, the United States of America, operates and maintains a Veterans Administration facility and buildings at the Togus VA Medical Center, located at 1 VA Center, City of Augusta, County of Kennebec, State of Maine.  It is liable for the negligent acts and omissions of its employees acting within the scope of their employment, including employees of the Department of Veterans Affairs, General Services Administration, and all other agencies with a role in maintaining grounds, entrances and egresses from buildings, and access from and to parking lots and buildings.

## ADMINISTRATIVE EXHAUSTION

6.      Plaintiff presented an administrative claim to the Department of Veterans Affairs on or about July 21, 2025, as required by 28 U.S.C. § 2675(a).

7.      The claim was denied in writing on April 21, 2026, or more than six (6) months have elapsed without final disposition.

8.      This action is timely filed within six (6) months of the denial of the administrative claim.

## FACTUAL ALLEGATIONS

9.      On or about September 6, 2023, Plaintiff was lawfully present at the Togus VA Medical Center, located at 1 VA Center, Building 200, Augusta, Maine.

10.      The VA facility is owned, operated, maintained, and controlled by the United States through the Department of Veterans Affairs, General Services Administration, or other pertinent agency of Defendant.

11.     At that time and place, Defendants caused or allowed an unreasonably dangerous hazard to pedestrians and expected invitees, patients and guests of the Defendant, to exist on the premises, including but not limited to a hole near pedestrian walkways and the parking lot, a missing paver on the sidewalk, uneven ground that was difficult to see given pedestrians' tendencies to focus their attention on traffic, entrances and egresses, signs and other visual distractions.

12.     Defendant, through its employees, knew or should have known of the unreasonably dangerous condition.

13.     Defendant failed to exercise reasonable care to

    a.   Maintain the premises in a safe condition;

    b.   Inspect the premises adequately

    c.   Repair the hazardous condition; and/or

    d.   Warn Plaintiff of the dangerous condition.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff lost her balance and fell, sustaining serious injuries.

15.     Plaintiff's injuries include but are not limited to:

    a.   Fractured ankle;

    b.   Past pain and suffering;

    c.   Permanent structural change to her anatomy;

    d.   Future pain and suffering;

    e.   Future restricted range of motion

    f.   Medical expenses;

g.  Lost wages and or earning capacity; and

h.  Loss of enjoyment of life.

## COUNT I

### NEGLIGENCE (PREMISES LIABILITY)

16.  Plaintiff realleges and incorporates by reference paragraphs 1–15.

17.  Defendant owed Plaintiff a duty of reasonable care under Maine law.

18.  Defendant breached that duty by negligently and unreasonably maintaining the premises and failing to remedy or warn of a dangerous condition.

19.  Defendant's negligence was the direct and proximate cause of Plaintiff's injuries and damages.

20.  Plaintiff has suffered damages in an amount to be determined at trial, but not exceeding the amount presented in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

21.  Plaintiff is entitled to recover for:

a.  Past and future medical expenses

b.  Lost income and earning capacity

c.  Pain and suffering

d.  Other compensable damages under applicable state and federal law

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant judgment in favor of Plaintiff and against Defendant and award Plaintiff the following relief:

a.  Award damages in a sum consistent with the administrative claim;

b.  Award costs of this action; and

    c.   Grant such other relief as the Court deems just and proper.

DATED: June 25, 2026

/s/ Michael T. Bigos_____
Michael T. Bigos, Esq., Bar # 9607
Attorney for Plaintiff
Bigos Law
PO Box 22
Auburn ME 04212
207-536-6300
bigosservice@bigoslaw.com